# IN THE COURT OF APPEALS OF IOWA

No. 23-0631
Filed June 21, 2023

**IN THE INTEREST OF A.M.,**
**Minor Child,**

**M.M., Father,**
　　Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Kimberly K. Shepherd, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

J. David Zimmerman, Clinton, for appellant father.

Brenna Bird, Attorney General, and Dion D. Trowers, Assistant Attorney General, for appellee State.

Victoria D. Noel of The Noel Law Firm, P.C., Clinton, attorney and guardian ad litem for minor child.

Considered by Ahlers, P.J., and Badding and Buller, JJ.

**BADDING, Judge.**

A father who remains in prison appeals the termination of his parental rights to his child—born in 2018—under Iowa Code section 232.116(1)(d) and (e) (2022).[1]  We review each of his claims de novo.  *See In re L.B.,* 970 N.W.2d 311, 313 (Iowa 2022).

While the father claims "the juvenile court err[ed] in finding clear and convincing evidence establishing the grounds for termination," he does not challenge any specific element of the two grounds the court relied on in terminating his rights.  Instead, he appears to challenge the sufficiency of evidence supporting elements in section 232.116(1)(h) and (*l*), which were two of the grounds the court relied on in terminating the mother's rights.  Without a challenge to the grounds the court used to terminate the father's rights, we affirm the termination decision on the unchallenged grounds.  *See, e.g.*, *In re S.S.*, No. 22-0878, 2022 WL 3907744, at *1 (Iowa Ct. App. Aug. 31, 2022).

Next, the father argues termination is contrary to the child's best interests.  On this question, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  Iowa Code § 232.116(2).

The record shows that the Iowa Department of Health and Human Services again[2] became involved with this family in mid-2021, largely because of the

---

[1] The mother's parental rights were also terminated.  She did not appeal.

[2] The child was previously removed from parental custody and adjudicated in need of assistance in 2019 because of methamphetamine use by both parents.  The child was later returned to the mother's custody, and the case was closed.

inadequate care the mother was providing to the child and his half-sibling. Before then, however, the father's involvement with the child was minimal, with the father testifying that he saw the child "a couple times a week, probably." His contact with the child did not increase once the department became involved.

From June until November, when the father was arrested on drug charges, he only saw the child four times. The father has been incarcerated since then and, in October 2022, he was sentenced to serve two concurrent terms of imprisonment not to exceed five years. While the father testified his chances of being paroled in April 2023 were "very high," information from the Iowa Department of Corrections that was admitted as evidence lists his tentative discharge date as April 2024.

Given his drug-related convictions, the father agreed that substance abuse was an issue before his incarceration. Even though he did not take any meaningful steps to address that issue, which he has struggled with for about a decade, the father contended that he would not have any problems with substance abuse once he is released from prison. The father also testified he plans to restart his relationship with the mother when he is paroled, and the record shows she continues to have serious issues with substance abuse.

On the flip side, the child has been placed with his paternal grandfather for most of these proceedings—where he is integrated and thriving—and the grandfather is willing and able to serve as a permanent placement. *See* Iowa Code § 232.116(2)(b). With these facts, we agree with the juvenile court that termination is in the child's best interests because termination will promote its defining elements—the child's safety and need for a permanent home. *See In re H.S.,* 805 N.W.2d 737, 748 (Iowa 2011).

Lastly, the father asks that we apply the permissive exceptions to termination in Iowa Code section 232.116(3)(a) and (c).  While the child was placed with a relative, legal custody remained with the department, so the exception in section 232.116(3)(a) is not applicable.  Turning to the father's claimed bond with the child, section 232.116(3)(c) allows the juvenile court to forgo termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."  For starters, the father's involvement with the child was limited even before this child-in-need-of-assistance proceeding, and it only decreased from there.  And the father didn't present clear and convincing evidence to show "termination would be detrimental to the child . . . due to the closeness of the parent-child relationship." *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (placing burden to establish a permissive exception on the parent).  There is no indication in this record that the child will suffer physical, mental, or emotional detriment upon termination of the father's rights.  So this exception doesn't apply either.

We affirm the termination of the father's parental rights.

**AFFIRMED.**